**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 23 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LINDA ALEXANDER, | No. 20-35321 |
| Plaintiff-Appellant, | D.C. No. 4:19-cv-05263-TOR |
| v. | |
| CITY OF RICHLAND, Code Enforcement Board of Richland Police Department; CITY OF RICHLAND CITY COUNCIL; THOMPSON, Mayor, City of Richland; REENTS, Manager, City of Richland; LINDSEY BLANCHARD; CERISE PECK; MIKE HARRISON, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Submitted August 17, 2022[**]

Before:      S.R. THOMAS, PAEZ, and LEE, Circuit Judges.

Linda Alexander appeals pro se from the district court's judgment

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissing her action alleging various federal and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir. 2003). We affirm.

The district court properly dismissed Alexander's action because Alexander failed to allege facts sufficient to state a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by denying Alexander's motions for an extension of unspecified deadlines, a jury trial, and the appointment of counsel. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and requirements for appointment of counsel); *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 807 (9th Cir. 2002) (explaining that "district courts have inherent power to control their dockets" and this court "will reverse a district court's litigation management decisions only if it abused its discretion" (citation and internal quotation marks omitted)).

We reject as without merit Alexander's contention that the district court was biased against her.

We do not consider arguments and allegations raised for the first time on

20-35321

appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**